Jones, E. H., P. J.
The plaintiff below, Lulu Wagner, was employed by the defendant company as a clerk in its grocery. There was in this store. a large coffee-mill operated by hand. Upon the side of this coffee-mill was a large flywheel to the rim of which was attached a handle. Between the end of this handle and the wall or shelving there was a space of 17-J inches. Some employe who had used this mill had left the wheel in motion, and Miss Wagner, while in the performance of her duties and while passing through the space above described, was struck by the revolving handle and severely injured. She recovered a judgment below for $2500. This proceeding is brought to reverse that judgment.
The petition charges the company with negligence in four particulars:
1. Failure to guard said mill, alleging that it is a dangerous machine.
2. Placing of the mill in a dangerous position, with a space of not more than two feet between it and the shelves.
3. Allowing trash, boxes and other material to accumulate in the aisle, so that there was not sufficient space to allow one to pass in safety.
4. Another clerk left said mill revolving rapidly.
The answer admits the employment of Miss Wagner, the business in which defendant was engaged, and denies everything else in the petition.
*234 At the close of plaintiff’s evidence, and again at the close of all the evidence, defendant moved for an instructed verdict, upon the ground that no act on the part of defendant constituting negligence was shown. The overruling of these motions by the trial judge is principally relied upon for a reversal of the judgment. The question thus raised, being fundamental, is entitled to first consideration, and disposes of the case, in the view we take of it.
The evidence shows that the injury received by Miss Wagner was a serious one. But while most injuries from violence are the result of crime, or of culpable negligence on the part of some one, such is not always the case. Many personal injuries are received for which the law provides no remedy or recompense. Negligence, in its legal sense, is the failure to exercise ordinary care, not the highest degree of care. . It was ordinary care that the defendant owed to Miss Wagner. Wherein did he fail to exercise it ? What act of negligence by him was the direct and proximate cause of her injury ? Should he in the exercise of ordinary care have foreseen the injury as the probable result of the coifee-mill or its revolving wheel ? These are questions raised by the record and briefs in this case, and must be answered. We can give but one answer, namely, that there is no evidence to support the judgment below. The result of that judgment is to exact from the one against whom it is rendered a very high and unreasonable degree of care.
There was nothing inherently dangerous about the coffee-mill. It cannot be regarded as a dangerous machine. To leave the wheel in motion, with *235 the power removed, in the place and under the conditions described, cannot be actionable negligence. The danger, if any, was as obvious to Miss Wagner as to anyone else. If there was danger, she should have avoided it by going another way,' or by keeping away from the handle while passing through the aisle. There was a way by which she could have reached the part of the store to which she was going, without passing the mill.
But in deciding this case against her we do not act upon the theory that she was negligent and for that reason cannot recover. This reversal is upon our conviction that there is in the record no evidence of negligence on the part of the defendant.
The injury might have been avoided by the exercise of' great care. Such care is not exacted by the law. In law’s domain this occurrence must be regarded as an accident- for which no one is answerable and for which no remedy is provided.
The judgment will be reversed, and the judgment which the lower court should have rendered will be entered here.
Judgment reversed, and judgment for plaintiff in error.
Jones, Oliver B., and Gorman,-JJ., concur.